# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER S. RIDER,<br><br>            Plaintiff,<br><br>   v.<br><br>TONY HERNANDEZ, et al.,<br><br>            Defendants.<br>_____/ | CASE NO. 1:07-cv-01862-LJO-SMS PC<br><br>ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER SECTION 1983<br><br>(Doc. 1)<br><br>ORDER THAT THIS DISMISSAL SHALL COUNT AS A STRIKE PURSUANT TO 28 U.S.C. § 1915(G) |

Plaintiff Christopher S. Rider ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.[1]  Plaintiff filed this action on December 20, 2007.  Plaintiff is seeking money damages against inmates Tony Hernandez and Mark Wayllan for physically attacking him and threatening him.  Plaintiff also seeks an order mandating that Hernandez and Wayllan be placed in administrative segregation so ensure the safety of inmates convicted of sex offenses.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  Generally, private parties are not acting under color of state law.  Brentwood Academy v. Tennessee Secondary School

---

[1] Justin James Savage was also listed as a plaintiff on the complaint form.  However, Savage did not sign the complaint and is therefore not a party to this action.

1

1  Athletic Assoc., 531 U.S. 288, 295, 121 S.Ct. 924, 930 (2001); Single Moms, Inc. v. Montana Power
2  Co., 331 F.3d 743, 746-47 (9th Cir. 2003); Sutton v. Providence St. Joseph Med. Ctr., 192 F.3d 826,
3  835 (9th Cir. 1999); Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991).

4      In this instance, plaintiff is seeking to impose liability against two other inmates for attacking
5  him.  The other inmates were not acting under color of state law and liability may not be imposed
6  against them under section 1983.  While plaintiff may have remedies available to him in state court
7  stemming from the attack, a section 1983 civil rights action brought in federal court is not an
8  available remedy.

9      Pursuant to the Court's screening authority, this action is HEREBY DISMISSED, with
10 prejudice, for failure to state a claim upon which relief may be granted under section 1983.  28
11 U.S.C. § 1915(e)(2)(B)(ii).  This dismissal SHALL count as a strike pursuant to 28 U.S.C. § 1915(g).

13 IT IS SO ORDERED.

14 **Dated:     February 22, 2008**                /s/ Lawrence J. O'Neill
                                                 UNITED STATES DISTRICT JUDGE